**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
JONATHAN P. SLOWIK (SBN 287635)
LAURA L. VAUGHN (SBN 329470)
gknopp@akingump.com
jpslowik@akingump.com
vaughnl@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone:    310-229-1000
Facsimile:    310-229-1001

Attorneys for Defendant
Wal-Mart Associates, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICO CARLOS, as individuals and on behalf of others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>　　　　　　Defendant. | Case No. 5:21-cv-00294-AB-KK<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL STAY**<br><br>[Declaration of Jonathan Slowik and Proposed Order Filed Concurrently]<br><br>Date:　　December 3, 2021<br>Time:　　10:00 a.m.<br>Courtroom　7B<br>　　　　Telephonic or via Zoom<br><br>Judge:   Hon. André Birotte, Jr.<br><br>Date Action Filed: December 8, 2020<br>Date of Removal   February 22, 2021 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on December 3, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7B of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, defendant Wal-Mart Associates, Inc. ("Walmart") will and hereby does move for an order staying the First, Second, Third, Sixth, and Seventh Causes of Action, and the Fifth Cause of Action in part.  Each of these claims is based on plaintiff Nico Carlos's allegation that Walmart failed to pay for time spent in COVID-19 screening at the beginning of shifts, but the exact same claims are being pursued in *Haro v. Walmart Inc.*, Eastern District of California Case No. 1:21-cv-00239-DAD-SKO.  Walmart requests that the Court stay these claims pending a resolution in *Haro*.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Jonathan Slowik, any matter upon which the Court may take judicial notice, all pleadings and papers in the Court's file, and upon such argument as may be made at the hearing on this Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 23, 2021.

Dated: November 5, 2021

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By  */s/ Gregory W. Knopp*
Gregory W. Knopp
Attorneys for Defendant
Wal-Mart Associates, Inc.

**TABLE OF CONTENTS**

                                                                                              **Page**

I. INTRODUCTION ..................................................................................................1
II. BACKGROUND ...................................................................................................2
    A. The *Haro* Action............................................................................................2
    B. The *Carlos* Action .........................................................................................2
III. ARGUMENT..........................................................................................................3
    A. A Stay Would Not Harm Carlos Or The Putative Classes. ...................4
    B. Walmart Would Suffer Hardship In The Absence Of A Stay. ...............5
    C. The Orderly Course Of Justice Favors A Stay. .....................................7
    D. The Relative Progress of Both Cases Favor Staying *Carlos*. ...............9
IV. CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bangor Hydro Elec. Co. v. Bridgewell Res. LLC*,
    No. 10-cv-726-HZ, 2011 WL 13250919 (D. Or. July 20, 2011) ........................7

*Bradshaw v. City of L.A.*,
    No. 2:19-CV-06661-VAP-JC, 2020 WL 2065007 (C.D. Cal. Mar. 23,
    2020) ...............................................................................................................9

*Clardy v. Pinnacle Foods Group, LLC*,
    No. 16-CV-04385-JST, 2017 WL 57310 (N.D. Cal. Jan. 5, 2017).....................8

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ....................................................................*passim*

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    No. 08-CV-1987 H (CAB), 2011 WL 6934458 (S.D. Cal. Dec 30, 2011) ......4, 9

*Evans v. Wal-Mart Stores, Inc.*,
    No. CV 17-07641-AB, 2019 WL 7169794 (C.D. Cal. Oct. 23, 2019).........5, 7, 8

*Kelley v. Colonial Penn Life Ins. Co.*,
    No. 20-cv-3348, 2020 WL 6150922 (C.D. Cal. July 13, 2020) ..........................6

*Minor v. FedEx*,
    No. C 09-1375 TEH, 2009 WL 1955816 (N.D. Cal. July 6, 2009).....................6

*Nguyen v. MarketSource, Inc.*,
    No. 17-cv-02063-AJB-JLB, 2018 WL 2182633 (S.D. Cal. May 11,
    2018) ...............................................................................................................6

*Reynolds v. Geico Corp.*,
    No. 2:16-cv-01940-SU, 2017 WL 815238 (D. Or. Mar. 1, 2017) ......................8

*Romanchuk v. Bd. of Trustees of the S. Cal. United Food & Comm.
    Workers Unions & Food Emp'rs Joint Pension Trust Fund*,
    No. 15-cv-08180, 2021 WL 3924771 (C.D. Cal. June 17, 2021) ......................8

*Scott v. Golden State FC, LLC*,
    No. 21-CV-02147-HSG, 2021 WL 2987264 (N.D. Cal. July 15, 2021)..............5

*Young v. Shoe Palace Corporation*,
    No. 21CV559-GPC(MSB), 2021 WL 2783719 (S.D. Cal. July 2, 2021) ............ 8

**Statutes**

Cal. Lab. Code § 226.7 ................................................................................................ 6

## I. INTRODUCTION

Plaintiff Nico Carlos asserts several claims under the California Labor Code based on his allegation that COVID-19 screenings Walmart conducted at the beginning of work shifts resulted in a failure to pay all wages due and derivative violations.[1] In August 2021, Carlos filed a Fifth Amended Complaint that expanded these COVID-19 screening claims by asserting a nationwide collective action under the Fair Labor Standards Act ("FLSA") (Dkt. No. 46). However, the plaintiffs in an overlapping action, *Haro v. Walmart Inc.*, have been pursuing a nationwide FLSA collective action based on the COVID-19 screening (as well as parallel California law claims) since February 2021. *Haro* is several months further along than this case, as the parties began discovery in May 2021, and more than 100 plaintiffs had already opted in to the action.

Thus, since September 2021, when Carlos filed his Fifth Amended Complaint, there have been two lawsuits pending in California that assert the same claims against Walmart based on the same alleged conduct and on behalf of the same employees—the only difference being that *Haro* has progressed further than *Carlos*. The Court should not permit two lawsuits to pursue identical claims simultaneously. To prevent wasteful duplicative litigation, the Court should stay the COVID-19 screening claims in this lawsuit under its inherent authority, pending a resolution of those claims in *Haro*. Walmart is not moving to stay Carlos's reimbursement claims, which are not asserted in *Haro* and will continue regardless of the outcome of this motion.

All of the relevant factors favor staying the COVID-19 screening claims. First, a stay would not harm Carlos or the putative class because their claims are identical to those that the *Haro* plaintiffs are pursuing. Second, Walmart would suffer hardship without a stay because it would need to defend the same claims in two different forums

---

[1] The evidence will show that this assertion is plainly false because Walmart systemically added time to associates' daily hours and associates were informed to submit a time adjustment if the actual screening took longer than the systemically added time.

and be subject to duplicative discovery, motion practice, and potential rulings.  Third, judicial economy demands that the COVID-19 screening claims proceed in one case or the other, but not both, and *Haro* is several months further along than this case.

This Court previously ruled that Carlos cannot pursue duplicative claims when it stayed his suitable seating claim in light of the overlapping *Chen* and *Jacobi* lawsuits. Dkt. No. 44 at 10-12.  The same principles apply to the COVID-19 screening claims. The Court should stay these claims pending a resolution in *Haro*.

## II. BACKGROUND

### A. The *Haro* Action

On February 23, 2021, Amado Haro and Rochelle Ortega filed the *Haro* action in the United States District Court for the Eastern District of California, alleging that Walmart failed to compensate them for time spent undergoing COVID-19 screening at the beginning of their shifts.  Slowik Decl. ¶ 2, Ex. A ("*Haro* Compl."), *Haro* Dkt 1, ¶ 1. *Haro* asserts multiple causes of action arising from this allegation, including state law claims for failure to pay minimum and overtime wages, failure to provide accurate wage statements, and failure to pay final wages upon termination.  *Id.* ¶¶ 81-104.  They assert the state law claims on behalf of a putative class of all California nonexempt employees. *Id.* ¶ 12.  *Haro* also asserts a claim for unpaid wages under the FLSA, on behalf of all Walmart nonexempt employees in the United States.  *Id.*  ¶¶ 105-117.

Walmart answered the *Haro* complaint in April 2021, and that same month, 111 individuals filed consent forms to opt in to the FLSA collective action.  Slowik Decl. ¶ 3 Ex. B (*Haro* Dkt 15).  The parties began propounding discovery in May 2021, and the Court set a cutoff for class certification discovery in February 2022.  *Id.* ¶ 4 Ex. C at 2 (*Haro* Dkt. 20 (scheduling order)).  The plaintiffs must file their motion for class certification by March 18, 2022.  *Id.*

### B. The *Carlos* Action

In December 2020, Carlos filed this putative class and representative action in San Bernardino County Superior Court.  Dkt. No. 1-1.  Like *Haro*, the *Carlos* action

alleged that Walmart failed to compensate employees for time spent undergoing COVID-19 screening at the beginning of their shifts, and alleged claims for failure to pay minimum and overtime wages, failure to provide accurate wage statements, and failure to pay final wages upon termination based on that allegation.[2]  *Id.* ¶¶ 41-57. Unlike *Haro*, the *Carlos* action asserted only California law claims on behalf of a putative class of nonexempt California employees.  *Id.* ¶ 24 (class definition).

Walmart timely removed the action to this Court on February 22, 2021.  Dkt. No. 1.  After the action was narrowed through amendment and Walmart's partial motion to dismiss, Carlos filed a Fifth Amended Complaint on September 3, 2021.  Dkt. No. 46.  The Fifth Amended Complaint asserted nationwide FLSA claims based on COVID-19 screening, thus expanding the scope of the lawsuit to match *Haro*.  *Id.* ¶¶ 75-87 (Sixth Cause of Action) (Dkt. No. 46).  The parties began propounding discovery in July 2021 (two months later than in *Haro*), and Walmart answered the fifth amended complaint on September 17, 2021 (five months later than in *Haro*).  Slowik Decl. ¶ 5; Dkt. No. 51. No individuals have joined *Carlos* as opt-in plaintiffs to the FLSA collective action.  *Id.* ¶ 6.

III. **ARGUMENT**

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  In deciding whether to stay an action pursuant to its inherent power, courts examine the following factors:  (1) the possible damage caused by granting a stay; (2) the hardship or inequity the movant may suffer from being required to move forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay.  *Id.*

---

[2] Carlos also asserts a claim for failure to reimburse business expenses that will continue regardless of whether the Court stays the COVID-19 screening claims.  Compl. ¶ 19.

3

1   All three factors favor a stay of the COVID-19 screening claims here. Indeed, the Court already stayed Carlos's suitable seating claims in deference to overlapping lawsuits, under the more-stringent *Colorado River* doctrine. Dkt. No. 44 at 10-12 (*Colorado River* requires "exceptional circumstances"). Because the COVID-19 screening claims completely overlap with *Haro*, the Court should stay them too.

### A. A Stay Would Not Harm Carlos Or The Putative Classes.

In evaluating "the possible damage which may result from the granting of a stay," the Court must consider whether a stay will result in "irreparable injury and a miscarriage of justice." *CMAX*, 300 F.2d at 268. A stay would cause no such harm here because the *Haro* plaintiffs will continue to pursue the claims at issue.

The scope of the COVID-19 screening claims in *Carlos* and *Haro* is identical. Both Carlos and the *Haro* plaintiffs seek to represent the same groups of non-exempt Walmart employees. The respective complaints in each action define the putative class and collective action claims as including hourly Walmart associates who underwent the COVID-19 screening in California and in the United States since three or four years before the complaints were filed. *Haro* Compl. ¶¶ 11-12; *Carlos* Compl. ¶ 1 (Dkt No. 1-1). These definitions place identical periods at issue, because COVID-19 screening obviously did not begin until 2020. *Haro* Compl. ¶ 22 (screening began "following the outbreak of the [novel] Coronavirus"); *Carlos* Fifth Amended Compl. ¶ 13 (screening began around March 2020) (Dkt. No. 46).

Because the COVID-19 screening claims in *Haro* and *Carlos* cover the same populations and periods, the *Haro* plaintiffs will continue to litigate Carlos's claims during a stay, to his benefit and the benefit of the classes he seeks to represent. Moreover, Carlos will continue to litigate his reimbursement claim in this action during the stay.

Courts routinely grant stays under similar circumstances. For example, in *CollegeSource, Inc. v. AcademyOne, Inc.*, No. 08-CV-1987 H (CAB), 2011 WL 6934458 (S.D. Cal. Dec. 30, 2011), the court stayed an overlapping, earlier-filed action, finding

that "no damage will result to Plaintiff from granting a stay, because it will be able to litigate its claims against the Defendant in the [other] action." *Id.* at *2. Similarly, the court in *Scott v. Golden State FC, LLC*, No. 21-CV-02147-HSG, 2021 WL 2987264 (N.D. Cal. July 15, 2021), found that the first factor favored staying an overlapping class action because the plaintiff's claims "will be resolved by the outcome in [the other action]." *Id.* at *3. This Court came to the same conclusion in staying the suitable seating claims, explaining that the "[s]tate court proceedings can protect Plaintiff's interests[.]" Dkt. No. 44 at 11.

Because Carlos's COVID-19 screening claims will be litigated in *Haro* during the stay (and his non-overlapping claims are unaffected by this motion), he and the putative classes will suffer no "irreparable injury" or "miscarriage of justice." *CMAX*, 300 F.2d at 268. Accordingly, the first factor favors a stay.

### B. Walmart Would Suffer Hardship In The Absence Of A Stay.

The second factor – whether Walmart would be subjected to hardship or inequity in being required to proceed with litigating *Carlos* favors a stay.

Class discovery and motion practice in *Carlos* will be substantially the same as that in *Haro* given that the plaintiffs in both cases seek certification of the same FLSA and Labor Code claims on behalf of the same employees. The discovery requests already propounded by the plaintiffs in *Haro* and *Carlos* illustrate the extent to which discovery is and will continue to be duplicative. For example, the plaintiffs' requests for production in both *Haro* and *Carlos* seek Walmart's written COVID-19 screening policies and the time and pay records of putative class members. Slowik Decl. ¶ 7. Exs. D-E. Similarly, the interrogatories propounded in both *Haro* and *Carlos* seek the contact information of putative class members and descriptions of Walmart's COVID-19 screening process. *Id.* ¶ 8. Exs. F-G. As this Court explained in similar circumstances in another case involving duplicative litigation, Walmart undoubtedly will "incur unnecessary and burdensome litigation costs absent a stay by being forced to litigate approximately identical claims in two separate judicial forums." *Evans v. Wal-*

*Mart Stores, Inc.*, No. CV 17-07641-AB (KKx), 2019 WL 7169791, at *6 (C.D. Cal. Nov. 25, 2019).

Indeed, courts routinely hold that a stay is warranted when the defendant would otherwise be forced to defend the same claims in two different forums and submit to duplicative discovery. For example, in *Kelley v. Colonial Penn Life Ins. Co.*, No. 20-cv-3348, 2020 WL 6150922, (C.D. Cal. July 13, 2020), the court stayed a class action until the resolution of pending appeals before the California Supreme Court and the Ninth Circuit, because those cases "focused on the exact same issue presented in [*Kelley*]." *Id.* at *5. Thus, the defendant "potentially face[d] real harm" if required to litigate the plaintiff's claims because some of them "might be rendered moot" by the appellate rulings. *Id.* at *7.

*Minor v. FedEx*, No. C 09-1375 TEH, 2009 WL 1955816 (N.D. Cal. July 6, 2009), is instructive. In that case, the court granted a stay of an action alleging violations of Labor Code Section 226.7, pending the California Supreme Court's review of a case that concerned the interpretation of that provision. *Id.* at *1. The court determined that "[a]s to the second factor . . . it certainly appears to be a hardship to conduct pointless discovery that may well be moot following a holding in [the related case]." *Id.*

Likewise, in *Nguyen v. MarketSource, Inc.*, No. 17-cv-02063-AJB-JLB, 2018 WL 2182633 (S.D. Cal. May 11, 2018), the court stayed the action pending a Supreme Court decision on an issue that "will have an imperative impact on [the] case and will also simplify the issues before the Court." *Id.* at *6. The defendant identified "concrete harms" it would suffer if the stay were denied, including that "it would have to engage in collective and class action discovery, which would be a waste of time and resources pending the outcome of [the Supreme Court case]." *Id.*

The prejudice to Walmart here is even more obvious. *Haro* does not just present a similar issue; it presents the *same* issues, because it asserts the same claims on behalf of

the same putative classes. Thus, *Haro* will not just *inform* the COVID-19 claims in this case, it will likely *dispose* of them regardless of which party prevails.

In sum, requiring Walmart to litigate identical claims in two separate forums would subject it to "to the hardship and inequity of having to unnecessarily litigate a case and expend additional time and money[.]" *Bangor Hydro Elec. Co. v. Bridgewell Res. LLC*, No. 10-cv-726-HZ, 2011 WL 13250919, at *3–4 (D. Or. July 20, 2011) (granting stay). Thus, the second factor also favors a stay.

### C. The Orderly Course Of Justice Favors A Stay.

The third factor – whether a stay advances the orderly course of justice – is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. Here, these principles favor a stay because resolution of *Haro* will simplify the issues in *Carlos*, and in fact, likely will dispose of the overlapping claims.

Because the COVID-19 screening claims in *Haro* and *Carlos* overlap completely, two courts will be called upon to answer the same factual and legal questions absent a stay. These questions include whether time spent undergoing COVID-19 screening is compensable under California law and the FLSA, whether the amount Walmart paid for COVID-19 screening was sufficient to cover the time that employees spent in screening, whether any alleged unpaid time is *de minimis*, whether Walmart had knowledge of any alleged uncompensated work, and whether class or collective treatment is appropriate.

Principles of judicial economy and efficiency demand that only one court needs to decide these issues. For this reason, courts consistently stay proceedings where there is substantial overlap between two pending federal cases. In fact, this Court did so under nearly identical circumstances in *Evans v. Wal-Mart Stores, Inc.*, No. CV 17-07641-AB (KKx), 2019 WL 7169794 (C.D. Cal. Oct. 23, 2019). In *Evans*, the Court granted a stay pending a Rule 23(f) petition in a class action against Walmart that involved the same violations of the Labor Code. *Id.* at *1. The stay was warranted because "the grant or denial of the 23(f) Petition will likely provide the Court with

guidance, if not new law, that will materially impact the Court's decisions in this matter regarding [the overlapping claim]." *Id.* at *5. For similar reasons, the Court then extended the stay even after the Ninth Circuit denied the Rule 23(f) petition. *Evans*, 2019 WL 7169791, at *5-6. Although not relying on its inherent power, this Court previously stayed Carlos's suitable seating claims earlier in this case for nearly identical reasons. Dkt. No. 44 at 10-12 (staying seating claims pending resolution of overlapping *Chen* and *Jacobi* cases).

This Court is not alone. The court reached the same conclusion in *Young v. Shoe Palace Corporation*, No. 21CV559-GPC(MSB), 2021 WL 2783719 (S.D. Cal. July 2, 2021). In *Young*, the court granted a stay of a class action in deference to a class action pending in a Colorado district court against the same defendant on an identical issue – whether the defendant's website violated the Americans with Disabilities Act. *Id.* at *2. The court reasoned that in the absence of a stay "[the defendant] could be subject to two different rulings by separate courts," however "if a stay were imposed on this case, any settlement or ruling by the [Colorado] court would simplify the ADA issues in this case." *Id.* at *4; *see also Clardy v. Pinnacle Foods Group, LLC*, No. 16-CV-04385-JST, 2017 WL 57310, at *4 (N.D. Cal. Jan. 5, 2017) (similar).

*Romanchuk v. Bd. of Trustees of the S. Cal. United Food & Comm. Workers Unions & Food Emp'rs Joint Pension Trust Fund*, No. 15-cv-08180, 2021 WL 3924771 (C.D. Cal. June 17, 2021), is also on point. There, the court stayed class claims that had been pending for six years because resolution of an overlapping controversy could "significantly narrow Plaintiff's discovery or present another, less costly, path to resolution that may not require high attorneys' fees and lengthy discovery." *Id.* at *2.

The same is true here. Like in the cases above, the resolution of *Haro* will "bear[] upon" the "questions which are likely to arise" in *Carlos* (*CMAX*, 300 F.2d at 269), and, at minimum, will "almost certainly significantly aid this Court's decision making," if not dispose of the COVID-19 screening claims entirely. *Reynolds v. Geico Corp.*, No.

2:16-cv-01940-SU, 2017 WL 815238, at *5 (D. Or. Mar. 1, 2017). Thus, the orderly course of justice favors a stay.

### D. The Relative Progress of Both Cases Favor Staying *Carlos*.

Given the complete overlap between the two cases, the *CMAX* factors overwhelmingly favor litigating the COVID-19 screening claims in either *Haro* or *Carlos*, but not both. Courts consistently hold that between overlapping cases, the one that has progressed further should proceed—which, in this circumstance, is *Haro*.

*CollegeSource* illustrates this point. There, the court stayed an *earlier-filed* California action because a Pennsylvania action involving the same parties and issues had "proceeded further" than the California action. *CollegeSource*, 2011 WL 6934458, at *2. The court reasoned that a stay was appropriate because the plaintiff had pursued its claims in the Pennsylvania action while an appeal was pending in the California action, and therefore the Pennsylvania action was further developed. *Id.* Likewise, in *Bradshaw v. City of L.A.*, No. 2:19-CV-06661-VAP-JC, 2020 WL 2065007 (C.D. Cal. Mar. 23, 2020), the court stayed a class action in deference to an overlapping class action in which "burdensome fact gathering" had already taken place. *Id.* at *5. The court found that the plaintiff's right to a speedy trial was "outweighed by progress in [the overlapping action] on the same or substantially similar issues which will clarify, if not resolve, the claims now asserted by [Plaintiff]." *Id.* at *7.

*Haro* is unquestionably farther along than this case. Walmart answered the *Haro* complaint in April (five months earlier than in this case), and the parties opened discovery in May (two months earlier than in this case). Slowik Decl. ¶ 5; Dkt. No. 51. Additionally, the *Haro* plaintiffs must move for class certification by March 18, 2022, while there is currently no timetable for Carlos to move for class certification. Slowik Decl. ¶ 4 (*Haro* Dkt. 20 (scheduling order)). Perhaps more significantly, while Carlos only recently expanded his case to match the scope of *Haro* by adding a nationwide FLSA claim, the *Haro* plaintiffs have been pursuing nationwide claims since February 2021. Slowik Decl. ¶ 2, Ex. A ("*Haro* Compl."). More than 100 individuals have

already joined *Haro* as opt-in plaintiffs, while no one has done so here. *Id.* ¶ 3 Ex. B (*Haro* Dkt 15). If *Carlos* is not stayed, the opt-in plaintiffs in *Haro* will need to decide whether to opt-in to this identical lawsuit—an unnecessary complication that a partial stay would avoid. Judicial economy does not favor having these plaintiffs join two lawsuits to seek the same relief.

## IV.   CONCLUSION

As set forth above, all of the relevant factors support a stay pursuant to the court's inherent authority. Accordingly, the Court should stay the First, Second, Third, Sixth, and Seventh Causes of Action, and the Fifth Cause of Action to the extent it is based on alleged failure to pay for time spent in COVID-19 screening, pending resolution of the COVID-19 screening claims in *Haro*.

Dated: November 5, 2021            **AKIN GUMP STRAUSS HAUER & FELD LLP**

By  */s/ Gregory W. Knopp*
Gregory W. Knopp
Attorneys for Defendant
Wal-Mart Associates, Inc.