**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
JONATHAN P. SLOWIK (SBN 287635)
LAURA L. VAUGHN (SBN 329470)
gknopp@akingump.com
jpslowik@akingump.com
vaughnl@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone:    310-229-1000
Facsimile:    310-229-1001

Attorneys for Defendant
Wal-Mart Associates, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICO CARLOS, as individuals and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 5:21-cv-00294-AB-KK<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:        April 15, 2022<br>Time:        10:00 a.m.<br>Courtroom   7B<br>             Telephonic or via Zoom<br><br>[Separate Statement of Undisputed Facts, Declarations of Jonathan Slowik, Laura Kish, and Ott Bell, and Proposed Order filed concurrently]<br><br>Judge:   Hon. André Birotte, Jr.<br><br>Date Action Filed: December 8, 2020<br>Date of Removal   February 22, 2021 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 15, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7B of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, defendant Wal-Mart Associates, Inc. ("Walmart") will and hereby does move for partial summary judgment as to plaintiff Nico Carlos's claims in the Fifth Amended Complaint, on the identified issues below.

This motion will be made pursuant to Federal Rule of Civil Procedure 56 on the ground that there is no triable issue of material fact and that Walmart is entitled to judgment as a matter of law as to each of the following issues:

1. Carlos's Fourth Cause of Action for failure to reimburse business expenses under Labor Code Section 2802 fails as a matter of law to the extent it alleges that Walmart failed to reimburse for face masks. The undisputed facts show that Walmart permitted Carlos to wear almost any type of face covering, including a scarf, a bandana, a cloth mask, or a surgical mask. Employers may require employees to wear basic wardrobe items that are "usual and generally usable" outside of their work. *Townley v. BJ's Rests., Inc.*, 37 Cal. App. 5th 179, 185 (2019).

2. For the same reasons, Carlos's Fifth Cause of Action for civil penalties pursuant to the Private Attorney's General Act (PAGA) fails as a matter of law to the extent that it is derivative of the claim for failure to reimburse for face masks.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Separate Statement of Undisputed Facts, the Declaration of Jonathan Slowik, any matter upon which the Court may take judicial notice, all pleadings and papers in the Court's file, and upon such argument as may be made at the hearing on this Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 23 and March 1, 2022.

| | | |
|---|---|---|
| Dated: March 11, 2022 | By | */s/ Gregory W. Knopp* |
| | | Gregory W. Knopp |
| | | Attorneys for Defendant |
| | | Wal-Mart Associates, Inc. |

## **TABLE OF CONTENTS**

                                                                                                                                     **Page**

I.    INTRODUCTION .................................................................................................1

II.   BACKGROUND ..................................................................................................2

III.  LEGAL STANDARD ..........................................................................................3

IV.  ARGUMENT .......................................................................................................4

      A.    Carlos's Reimbursement Claim For Mask-Related Expenses Fails. ....4

      B.    Carlos's PAGA Claim Fails To The Extent It Concerns Mask Expenses. ...............................................................................................7

V.   CONCLUSION.....................................................................................................7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alvarado v. Dart Container Corp. of Cal.*,
   4 Cal. 5th 542 (2018) ..................................................................................4

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...................................................................................4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ...................................................................................4

*First Nat. Ins. Co. v. FDIC*,
   977 F. Supp. 1051 (S.D. Cal. 1997) ............................................................4

*Gallano v. Burlington Coat Factory of Cal., LLC*,
   67 Cal. App. 5th 953 (2021) .......................................................................4

*Hess v. United Parcel Serv., Inc.*,
   2021 WL 1700162 (N.D. Cal. Apr. 29, 2021) .........................................5, 6

*Lemus v. Denny's Inc.*,
   617 F. App'x 701 (9th Cir. 2015) ................................................................5

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ...................................................................................4

*Price v. Starbucks Corp.*,
   192 Cal. App. 4th 1136 (2011) ...................................................................7

*Rosenberg v. Renal Advantage, Inc.*,
   2014 WL 1652580 (S.D. Cal. Apr. 24, 2014) ............................................7

*Sprewell v. Fed. Exp. Corp.*,
   2021 WL 4706703 (C.D. Cal. May 19, 2021) ............................................6

*Sprewell v. Federal Express Corp.*,
   2021 WL 6103057 (C.D. Cal. Sept. 30, 2021) ...........................................6

*Townley v. BJ's Rests., Inc.*,
   37 Cal. App. 5th 179 (2019) ...............................................................*passim*

**Statutes**

Cal. Code Regs. tit. 8, § 11070(9)(A) ......................................................................... 5

Cal. Lab. Code § 2802 ............................................................................................ 2, 4, 6

**Other Authorities**

Fed. R. Civ. P. 56(a) .................................................................................................. 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Nico Carlos claims, among other things, that defendant Wal-Mart Associates, Inc. ("Walmart") violated the California Labor Code by requiring him to purchase face masks for use at work during the pandemic. Although Walmart maintains a policy of providing face masks to associates free of charge (and in fact shipped thousands of masks to Carlos's store for this purpose), Carlos testified that he did not receive masks from Walmart and therefore provided his own. However, even if true, this testimony cannot support a claim because California employers may require their employees to provide basic wardrobe items for use at work without reimbursement. Thus, to prevail on this claim, Carlos must prove that the face coverings Walmart required him to wear were not "usual and generally usable" outside of work. *Townley v. BJ's Rests., Inc.*, 37 Cal. App. 5th 179, 185 (2019).

Carlos cannot do so. It is undisputed that Walmart permitted Carlos to use almost any kind of face covering, including a scarf, a bandana, a cloth mask, or a surgical mask. Scarves and bandanas are basic household items, and face coverings in general have been ubiquitous and required for a person to engage in any public indoor activities since the early days of the pandemic. Indeed, Carlos admits that, since the start of the pandemic, he has worn masks whenever entering indoor public spaces, as recommended by health experts and required by his local health department. And, although Carlos claims that he bought cloth masks specifically to use at work (and wore surgical masks outside of work), he admits that nobody at Walmart ever asked him to buy masks for work purposes or told him that he could not wear the same masks he wore on his own time. These admissions doom his claim because they confirm that the masks Carlos allegedly purchased for use at work were exactly the sort of "usual and generally usable" garments for which California employers need not reimburse their employees.

For these reasons, the Court should grant partial summary judgment to Walmart on Carlos's claims alleging failure to reimburse mask-related expenses.

## II.     BACKGROUND

Carlos worked as a sales associate at a Walmart store in Rialto, California from November 2019 to September 2020.  UF No. 1.  In December 2020, Carlos filed this lawsuit, claiming, among other things, that Walmart violated California Labor Code Section 2802 by failing to reimburse him for purchasing face masks to wear at work during the COVID-19 pandemic.[1]  Dkt. No. 46 ("5AC") ¶ 16.  He asserts this claim on behalf of a putative class of all California nonexempt associates and seeks civil penalties for this alleged violation under the Private Attorney's General Act ("PAGA").  *Id.* ¶¶ 1, 72.

Consistent with state and local requirements and guidance from public health departments, in April 2020, Walmart began requiring associates to wear face coverings while in stores.  UF No. 2.  To ensure that every associate would always have access to a face covering, Walmart adopted a policy of providing disposable masks to the stores.  UF No. 3.  In June 2020, Walmart also began providing Walmart-branded reusable cloth masks to its associates for free of charge.  UF No. 4.  Consistent with its policy of providing masks, Walmart shipped more than 22,000 disposable masks and 900 reusable cloth masks to Carlos's store in seven different shipments between April and September 2020.  Declaration of Ott Bell ¶ 3.

In addition to providing masks to associates, Walmart permitted associates to bring their own face coverings from home.  Walmart's policy permitted a wide variety of associate-provided face coverings, including but not limited to "[b]andanas, scarves

---

[1] Carlos also claims that Walmart required him to use an app on his personal mobile phone and failed to reimburse him for related expenses.  5AC ¶ 15.  Walmart disputes this claim but does not address it in this motion.  The Court has stayed Carlos's claims unrelated to business expenses.

and homemade cloth masks," and other face coverings that "cover the[] nose[] and mouth[.]" UF No. 5.[2]

Notwithstanding Walmart's efforts to provide face masks to associates in California (and at Carlos's store specifically), Carlos testified that his store ran out of masks early in the pandemic and never again provided him a mask. UF No. 7. This allegation is simply not credible in light of the undisputed evidence that Walmart made shipments to Carlos's store for associate use throughout his employment, totaling several thousand masks. Bell Decl. ¶ 3. Nevertheless, Carlos claims that he had to provide his own face covering, and that he purchased cloth face masks to wear while working in the store. UF No. 8.

Carlos admits that he also wore face masks when he went out in public, such as when going to the grocery store, a restaurant, or a movie theater. UF No. 9. Indeed, during this time, the Centers for Disease Control recommended that all persons wear a face covering in public to slow the spread of COVID-19, and Carlos's local health department *required* individuals to wear face coverings "when they leave their homes or places of residence." UF Nos. 10-11.

Carlos testified that he wore different masks at work than when outside of work, because his personal preference was to wear cloth masks at work and surgical masks otherwise. UF No. 12. However, he admits that nobody at Walmart told him he could not wear his surgical masks at work and that it was his choice alone to use different masks for work and personal purposes. UF Nos. 13-14.

## III. LEGAL STANDARD

Summary judgment or partial summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and . . . is entitled to judgment as a matter of law" regarding a "claim" or "part of [a] claim." Fed. R. Civ. P.

---

[2] The only associate-provided face coverings that Walmart did not permit were "Masks with exhalation valves or vents," "Face shields without a mask (except approved accommodations)," "Half-mask or full-face respirator[s]," and "Masks that contain obscene or offensive content." UF No. 6.

56(a); *see also First Nat. Ins. Co. v. FDIC*, 977 F. Supp. 1051, 1055 (S.D. Cal. 1997) (court may grant partial summary judgment as to specific issues, even if it will not resolve entire cause of action). Where, as here, the opponent bears the burden of proof on the claim at issue and "fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is warranted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, the opponent may not defeat summary judgment by "simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, he must put forth "affirmative evidence" that shows "that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## IV. ARGUMENT

### A. Carlos's Reimbursement Claim For Mask-Related Expenses Fails.

Labor Code Section 2802 requires employers to reimburse employees "for all necessary expenditures or losses incurred by the employee[s] in direct consequence of the discharge of [their] duties, or of [their] obedience to the directions of the employer[.]" Cal. Lab. Code. § 2802(a). Thus, a claim for reimbursement does not lie unless the employer required the plaintiff to incur an expense for work purposes. *See Gallano v. Burlington Coat Factory of Cal., LLC*, 67 Cal. App. 5th 953, 961 (2021).

It is well-settled that "non-uniform work clothing" is not a required expense that employers must reimburse under Section 2802. *Townley v. BJ's Rests., Inc.*, 37 Cal. App. 5th 179, 185 (2019). For decades, the Labor Commissioner has taken the position that employers may "specify basic wardrobe items which are usual and generally usable in the occupation" without paying reimbursement. DLSE Enforcement Policies and Interpretations Manual, § 45.5.5, https://www.dir.ca.gov/dlse/DLSEManual/dlse_enfcmanual.pdf (citing IWC Statement of Basis for the Wage Orders (1980)); *see Alvarado v. Dart Container Corp. of Cal.*, 4 Cal. 5th 542, 561 (2018) (although not binding, "the DLSE Manual . . . evidences

4
DEFENDANT WAL-MART ASSOCIATES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

considerable deliberation at the highest policymaking level of the agency" and is therefore persuasive authority, especially considering "the DLSE's expertise and special competence").

Case law is in accord. In *Townley*, the plaintiff sought reimbursement because the restaurant where she worked required her to wear "slip-resistant shoes." 37 Cal. App. 5th at 181. The Court of Appeal affirmed summary judgment for the employer, explaining that employers may require employees to wear "basic, nonuniform wardrobe items" without providing reimbursement. *Id.* at 185. The slip-resistant shoes the plaintiff needed to wear satisfied this standard, because the plaintiff failed to show that they "were not usual and generally usable in the restaurant occupation[.]" *Id.* at 185.

For the same reasons, the Ninth Circuit has likewise held that an employer may require an employee to wear "black, slip-resistant shoes" without paying reimbursement. *Lemus v. Denny's Inc.*, 617 F. App'x 701, 703 (9th Cir. 2015). As *Lemus* explained, the wage orders require reimbursement for clothing items only "if the clothing is a 'uniform' or if the clothing qualifies as certain protective apparel regulated by CAL/OSHA or OSHA." *Id.* (citing Cal. Code Regs. tit. 8, § 11050(9)(A)).[3]

Carlos's claim fails under this authority. Even accepting his testimony that Walmart never made masks available to associates (despite shipping thousands of masks to his store for this purpose), Carlos can prove only that Walmart required him to wear a general purpose clothing item that he was free to wear outside of work: a scarf, a bandana, a cloth mask, or a surgical mask, among other things. UF No. 5. During the COVID-19 pandemic, these types of face coverings have been "usual and generally usable" not only in Carlos's profession, but in everyday life. *Townley*, 37 Cal. App. 5th at 185; *see Hess v. United Parcel Serv., Inc.*, 2021 WL 1700162, at *5 (N.D. Cal. Apr. 29, 2021) (finding "face coverings" and "masks" "generally usable in all circumstances [since] the inception of the pandemic, in Spring 2020"). Carlos admits

---

[3] The wage order applicable to retail employees like Carlos is substantially identical to the one cited in *Lemus*. *See* Cal. Code Regs. tit. 8, § 11070(9)(A).

that he wore face masks when entering public places outside of work, such as a grocery store, a restaurant, or a movie theater. UF No. 9. Indeed, his local public health authorities *required* him to wear face coverings in such settings, and the CDC recommended them as well. UF Nos. 10-11.

For these reasons, similar cases decided during the pandemic have held that Section 2802 does not require employers to reimburse employees for the cost of masks or face coverings. *Hess*, 2021 WL 1700162, at *5 (dismissing reimbursement claim because face masks "were generally usable in all circumstances" during the pandemic); *Sprewell v. Fed. Exp. Corp.*, 2021 WL 4706703, at *3 (C.D. Cal. May 19, 2021) (dismissing reimbursement claim because face masks "have been generally usable by the public throughout the pandemic").[4] The same result is required here.

Carlos's claim that he purchased cloth masks only to use at work makes no difference. The test is not whether Carlos *actually* used the purchased item outside of work, but whether it was "usual and generally usable in the occupation" or otherwise. *Townley*, 37 Cal. App. 5th at 185. The cloth masks that Carlos purchased satisfied CDC guidelines and would have permitted him entry into public places in his home county. UF Nos. 10-11. He admits that he wore masks in public places when not at work, that no one at Walmart prohibited him from wearing his surgical masks at work, and that it was his choice alone to purchase separate masks for work and personal use. UF Nos. 9, 13-14.

In light of these facts, no reasonable jury could find that the face coverings that Walmart required Carlos to wear for work were anything other than "usual and

---

[4] In *Sprewell*, the plaintiff survived a subsequent motion to dismiss by amending the complaint to allege that his managers told him to buy masks, and that he needed an N95 respirator to do his job. *Sprewell v. Federal Express Corp.*, 2021 WL 6103057, at *3 & n.6 (C.D. Cal. Sept. 30, 2021). In contrast, it is undisputed here that Carlos could have done his job with almost any "face covering" (which could be a cloth mask or even a bandana or a scarf), and that no one ever told him that he couldn't wear the same masks he wore for personal use. UF Nos. 5, 13.

generally usable." *Townley*, 37 Cal. App. 5th at 185.  Accordingly, Walmart is entitled to summary judgment on Carlos's claim for reimbursement for mask-related expenses.

### B. Carlos's PAGA Claim Fails To The Extent It Concerns Mask Expenses.

Carlos also claims that he is entitled to civil penalties under PAGA for Walmart's alleged failure to reimburse him for mask-related expenses.  However, because Carlos's expense reimbursement claim fails, so does his derivative claim for PAGA penalties.  *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative . . . PAGA claim[] also fail[s]."); *Rosenberg v. Renal Advantage, Inc.*, 2014 WL 1652580, at *12 (S.D. Cal. Apr. 24, 2014) (granting summary judgment on claim for PAGA penalties because it was "derivative of [the plaintiff's] state and federal claims for unlawfully withheld overtime," which failed).  Therefore, the Court should grant partial summary judgment on the PAGA claim to the extent it alleges failure to reimburse for face masks.

### V. CONCLUSION

For the foregoing reasons, Walmart respectfully requests that the Court grant partial summary judgment to Walmart on the Fourth and Fifth Causes of Action, to the extent they allege that Walmart failed to reimburse mask-related expenses.

Dated: March 11, 2022

AKIN GUMP STRAUSS HAUER & FELD LLP

By   */s/ Gregory W. Knopp*
Gregory W. Knopp
Attorneys for Defendant
Wal-Mart Associates, Inc.