Armond M. Jackson, Bar No. 281547
ajackson@jacksonapc.com
Andrea M. Fernandez-Jackson 295924
afernandez@jacksonapc.com
**JACKSON LAW, APC**
2 Venture Plaza, Suite 240
Irvine, CA 92618
Telephone:   949.281.6857
Fax No.:       949.777.6218

Attorney for Plaintiff Nico Carlos

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICO CARLOS, as individuals and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART ASSOCIATES, INC. a Delaware corporation, and DOES 1-50, inclusive, <br><br> Defendant. | Case No. 5:21-CV-00294 <br><br> Assigned for all Purposes to Honorable Andre Birotte Jr <br> Magistrate Judge: Kenly Kiya Kato <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> **Action Filed**: December 8, 2020 <br> **Removal Date:** February 22, 2021 <br> **Trial Date** June 7, 2022 <br><br> Date: April 15, 2022 <br> Time: 10:00 a.m. <br> Location: Courtoom 7B <br> Telephonic or via Zoom |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSTION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................2

II.  STATEMENT OF CASE AND FACTS.............................................................2

III. GOVERNING SUMMARY ADJUDICATION STANDARD .........................3

IV. ARGUMENT……………………………………………………….…....…..3

   1.   Governing 2802 Standard..................................................................................3

   2.   Face Masks Are Business Expenses As A Matter of Law ...............................3

   3.   Plaintiff Met His Burden in this Motion to Establish there is a Question of Fact as to the 2802 Elements……………………………………………...…..5

V. CONCLUSION. ...................................................................................................5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSTION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

i

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Zep Inc.*,
  2014 WL 4245988 (N.D. Cal. 2014) ..................................................................4

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..........................................................................................3

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..........................................................................................3

*Gallano v. Burlington Coat Factory of Cal., LLC*,
  67 Cal. App. 5th 953 (2021)...............................................................................2

*Hess v. United Parcel Service, Inc.*
  2021 WL 1700162 (N.D. Cal. Apr. 29, 2021) ...................................................5

*Lemus v. Denny's Inc.*,
  617 F. App'x 701 (9th Cir. 2015).......................................................................2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ..........................................................................................3

*Sprewell v. Federal Express Corporation,*
  2021 WL 4706703 (C.D. Cal. May 19, 2021) ...................................................5

*Sprewell v. Federal Express Corporation*,
  2021 WL 6103057 (C.D. Cal. September 30, 2021) ..................................... 2, 4

*Townley v. BJ's Rests., Inc.,*
  37 Cal. App. 5th 179 (2019) ..............................................................................2

**State Statutes**

Cal. Lab Code Section 2802 ...................................................................................4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSTION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION

Defendant's entire motion is premised on the conclusion that facemasks are a "general purpose clothing item" therefore not a reimbursable business expense.

As a matter of law, "face masks" are reimbursable. *Sprewell v. Federal Express Corporation*, 2021 WL 6103057 **4-5 (C.D. Cal. September 30, 2021) This district Court in *Sprewell* declined to adopt Defendant's purported "generally usable'… outside of the workplace" theory as "far-reaching". *Id*. at 4.

Moreover, a genuine question of fact exists. Plaintiff testified that the store in which he worked ran out of masks early in the pandemic, and Defendant did not provide masks to him, therefore was required to purchase his own required face coverings. [Dkt. No. 75-1, Fact Nos. 7-9] Defendant argues "This allegation is simply not credible in light of the undisputed evidence that Walmart made shipments to Carlos's store for associate use throughout his employment, totaling several thousand masks." [Dkt. No. 75-1, Fact Nos. 3-4] It is indeed disputed whether there were indeed masks available at the store for associate use and plaintiff has proffered sufficient evidence to overcome this motion, therefore it must be overruled as a matter of law and on the grounds that defendant failed to meet is burden to establish no question of fact exists. [See Plaintiff Separate Statement of Undisputed Facts in Support of Partial Summary Judgment, Nos. 1-7]

## II. STATEMENT OF FACTS

Plaintiff was employed as a non-exempt employee by Walmart from November 19, 2019 to September 21, 2020, at the Walmart Supercenter in Rialto, California. (ECF No. 4, Ex. A) During Plaintiff's employment, as of April 17, 2020, Defendant "beg[a]n requiring that associates wear masks or other face coverings at work." [Kish Decl., Ex. A, Dkt. Nos. 75-4 and 75-5] Defendant's policy required any face masks associates purchase to meet "certain guidelines."

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

2

[Kish Decl., Ex. A, Dkt. Nos. 75-4 and 75-5] Defendant initially supplied face masks to associates for a week. [Jackson Decl. ¶ 2, Ex. A, Carlos Tr. at 39:2-40:12; 41:3-11] Plaintiff made Defendant aware of the insufficient supply of face masks and was directed by Defendant to purchase face masks to comply with Defendant's policy. [*Id.*] Plaintiff purchased these face masks without reimbursement as Defendant did not have any policy to reimburse associates for face mask purchases. [Jackson Decl. ¶ 3, Ex. B Deposition of Laura Kish, 21:17-23; Carlos Decl. ¶ 2]

### III. GOVERNING SUMMARY ADJUDICATION STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden at trial. *Id.* at 322-23.

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 321. The nonmoving party cannot oppose a properly supported summary judgment motion by "resting

on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574 (1986).

Here, when viewing all inferences drawn from the underlying facts in a light most favorable to Mr. Carlos, a trier of fact could reasonably find that Defendant required its employees to use masks for work purposes, but failed to ensure they were provided to associates, therefore associates had to purchase their own.

## IV. ARGUMENT

### 1. Governing 2802 Standard

"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer[]." (See Cal. Lab. Code, section 2802)

"The elements of a claim under Section 2802 are: (i) the employee made expenditures of incurred losses; (ii) the expenditures of losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (iii) the expenditures or losses were reasonable and necessary*." Aguilar v. Zep Inc*., 2014 WL 4245988, at *16 (N.D. Cal. 2014). "The employer must 'must either know or have reason to know that the employee has incurred [the] expense." *Id*.

### 2. Facemasks are "Business Expenses" as a Matter of Law

Facemasks are a business expense as a matter of law. From the outset, this Court should disregard Defendant's argument that facemasks are akin to non-slip shoes and therefore are considered "non-uniform work clothing," and not subject to reimbursement under *Lemus*, *Gallano* and *Townley*. (Def. Motion, See Dkt. No. 75, p. 4, 5)  This district distinguished the treatment between slip-resistant shoes

and facemasks and these cases are inapplicable. *Sprewell, supra,* 2021 WL 6103057 **4-5. *Sprewell* is the case on point here.

In *Sprewell*, Judge Wilson reasoned that allegations of insufficient supply of face masks coupled with the local mandates and company policies to wear face masks is sufficient to allege a 2802 claim. *Id*. at *4. In rejecting the "usual and general usable" outside of work standard, Judge Wilson reasoned:

> "[n]early all business expenses have the potential authority outside the workplace. … protective eyewear that a construction worker must wear on the job site could also be worn during projects around the house; a laptop that a traveling salesperson must use could also be used for personal purposes. If that alone is enough to relieve employers of responsibility to reimburse employees when they require employees to purchase such items, it would dramatically narrow the scope of section 2802's protection."
> *Id*.

Defendant is hopeful that this Court will rely on Judge Wilson's prior ruling in *Sprewell,* in which Judge Wilson also now rejects.  In the former *Sprewell* order, the Court did not find that facemasks are not a business expense, rather the Court reasoned that Plaintiff failed to allege Plaintiff purchased face masks as a direct consequence of Plaintiff's discharge of his duties and Defendant knew or had reason to know about this expense. *Sprewell v. Federal Express Corporation,* 2021 WL 4706703 *3(C.D. Cal. May 19, 2021). It was an issue with the sufficiency of the language of the pleading, not a determination of whether facemasks were a business expense.

*Hess* is also not helpful here, not only because it lacks sufficient reasoning to help the Court determine whether facemasks are a business expense as a matter of law, but because it has a distinct fact pattern.  In *Hess*, that District Court ruled that since Plaintiff incurred expenses for face masks to comply with local orders rather than a rule by the Defendant, the expense was not reimbursable. *Hess v. United Parcel Service, Inc*. 2021 WL 1700162 *5(N.D. Cal. Apr. 29, 2021)

Here, Defendant mandated face masks and directed Plaintiff and others to bring their own. [Kish Decl., Ex. A, Dkt. Nos. 75-4 and 75-5].

### 3. Plaintiff Met His Burden in this Motion to Establish there is a Question of Fact as to the 2802 Elements

As stated above, the elements of a 2802 claim are (1) the employee spent his own money; (2) in direct consequence of having to buy the necessary equipment to do her duties are at the direction of the employer; and (3) the expenditures were reasonable and necessary.*" Aguilar*, *supra,* 2014 WL 4245988, at *16.

Here, the Defendant does not dispute that there is not a question of fact as to these elements, nonetheless will be briefly addressed. It is undisputed facemasks were necessary equipment.

Defendant required Plaintiff and all other employees to wear face masks. [Kish Decl., Exs. A, Dkt. Nos. 75-4 and 75-5]. Plaintiff testified that although at some point Defendant provided associates facemasks, the supply ran at and Defendant did not offer associates anymore, therefore he was required to purchase his own face covering to wear during his shift. [Jackson Decl. ¶ 2, Ex. A, Carlos Tr. 39:2-40:12] Defendant knew or had reason to know about employees needing face masks and insufficient supply of such masks, as Plaintiff advised management of the insufficient supply and was directed to purchase his own face mask without reimbursement. [Jackson Decl. ¶ 2, Ex. A, Carlos Tr. 47:11-22; Carlos Decl. ¶ 2]. Defendant did not have any policy or practice of reimbursing employees for the purchase of face masks for work purposes. [Jackson Decl. ¶ 3, Ex. B Kish Tr. 21:17-22:5] Finally, Plaintiff was never reimbursed for purchasing and using face mask for work. [Carlos Decl. ¶ 2]

### V. CONCLUSION.

Defendant's motion should fail since it has misapplied the "usual and general usable' outside of workplace" standard and has not negated any element of Plaintiff's 2802 claim as it relates to face masks.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSTION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

6

Dated: March 25, 2022

Jackson Law, APC
By:/s/ Armond M. Jackson
Armond M. Jackson
Attorneys for Nico Carlos