1  Armond M. Jackson, Bar No. 281547
   ajackson@jacksonapc.com
2  Andrea M. Fernandez-Jackson 295924
   afernandez@jacksonapc.com
3  **JACKSON LAW, APC**
   2 Venture Plaza, Suite 240
4  Irvine, CA 92618
   Telephone:  949.281.6857
5  Fax No.:    949.777.6218

6  Attorney for Plaintiff Nico Carlos

7

8

9

10

11

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  NICO CARLOS, as individuals and on behalf of others similarly situated, | Case No. 5:21-CV-00294 |
| 13 | Assigned for all Purposes to Honorable Andre Birotte Jr |
| 14          Plaintiff, | |
| 15     vs. | Magistrate Judge: Kenly Kiya Kato |
| 16  WAL-MART ASSOCIATES, INC. a Delaware corporation, and DOES 1-50, inclusive, | **PLAINTIFF'S PROPOSED TRIAL PLAN** |
| 17 | |
| 18          Defendant. | Date:  June 24, 2022 |
| 19 | Time:  10:00 a.m. |
| 20 | Place: Courtroom 7b |
| 21 | Telephonic of Zoom |

22

23

24

25

26

27

28

## I. OVERVIEW AND INTRODUCTION

Plaintiff Nico Carlos ("Plaintiff") hereby submits the following Class Action Trial Plan (the "Trial Plan"). The Trial Plan is submitted in conjunction with Plaintiff's Motion for Class Certification to provide the Court and Defendant Wal-Mart Associates, Inc. ("Defendant" or "Wal-Mart") with a practical overview of how, in post-certification proceedings, failure to reimburse for business expense claims will be adjudicated during the liability and damages phases. The Trial Plan demonstrates that adjudication of these claims on a class basis will be manageable. In addition, the case management techniques discussed below confirm the efficacy of class treatment as opposed to potentially hundreds of inefficient individual actions. See, e.g., *Bristow v. Lycoming Engines*, 2007 WL 1752602, *7 (E.D. Cal. Jun. 15, 2007) (trial plan establishes superiority element of Rule 23 class certification).

## II. POST-CERTIFICATION CASE MANAGEMENT: DETERMINATION OF CLASS LIABILITY AND DAMAGES

Courts have consistently recognized the efficacy of trial plans tailored to the specific needs of a case. For example, in *Turner v. Murphy Oil USA, Inc*. the district court certified a class of plaintiffs who had suffered damages resulting from a post-Hurricane Katrina oil storage tank spill. *Turner v. Murphy Oil USA, Inc*, 234 F.R.D. 597, 601 (E.D. La. 2006). In addition to the trial plan being intrinsically pertinent to the court's superiority assessment, it was also critical to the court's predominance inquiry. "[T]he Court believes that the existence of a trial plan, and the potential for bifurcation of the issues of liability and damages, will address the Defendants' concern that individualized inquiries will be needed to determine damage amounts in these cases."*Id*. at 606.

**PLAINTIFF'S PROPOSED TRIAL PLAN**

As the California Supreme Court explained in *Duran v. U.S. Bank National Assn.*, 59 Cal.4th 1 (2014), a class action trial should be manageable, allowing for individual questions to be managed and for Defendants to present their affirmative defenses. In wage and hour cases in which the plaintiff seeks class certification based on allegations that the defendant employer consistently imposed uniform policies and practices, the plaintiff must still demonstrate that the "illegal effects of this conduct can be proven efficiently and manageably within a class setting." *Duran*, 59 Cal. 4th at 29 (*internal citations omitted*.)

Here, because Plaintiff's theories of liability allege that Defendant's uniform policies and practices violate California law, liability will likely be determined for many of the causes of action by a motion for summary judgment or partial summary judgment, and damages will primarily be determined from Defendant's data records, payroll records and orders.  Damages can be calculated in the aggregate and presented to the trier-of-fact through summary evidence or expert testimony at trial. The facts of this case and Plaintiff's theories of liability will allow for a manageable trial.

### A.     Mailing Class Notice to Class Members

Following certification, Defendant will provide the class members' names and contact information to a third-party administrator adequately experienced in class action notice procedures, be chosen by Class Counsel subject to Court approval.

The administrator will mail a Court-approved class notice informing class members about the action and of their right to participate, consistent with the established procedures in California and under Federal Rule of Civil Procedure 23.

### B.     Conducting Merits Discovery

Upon the Court's Order on the Motion for Class Certification, Plaintiff intends to continue to seek additional discovery in accordance with the Court's Civil Trial

Scheduling Order. [Dkt. No. 72.] The parties were ordered to complete fact discovery by August 5, 2022 and expert discovery by August 5, 2022. *Id*. Thus, Plaintiff may require further written discovery, and further depositions regarding that were not produced prior to the filing of his Motion for Class Certification. Plaintiff will also seek updated data for all Class and Subclass Members, and additional supervisor and corporate designee depositions regarding the implementation of the policies and practices at issue in the certified claims.

### C. Pre-Trial Procedures

Upon the completion of merits discovery, Plaintiff proposes a period of time that will accommodate the briefing of dispositive motions, as well as other motions capable of narrowing the issues at trial. The Parties would have an opportunity to move for partial summary judgment of one or more of the causes of action coinciding with any certified class, the adjudication as to any derivative causes of action, and, in the Court's discretion, any discrete factual or legal issue affecting the claims.

Here, for example, liability under each of Plaintiff's Subclasses is purely a legal determination that is suitable for resolution by dispositive motion. For example, Plaintiff's basis for unreimbursed business expense claim is that Defendant's policy does not permit reimbursements for cell phones or face masks despite directing employees to use cell phones and face masks for work. Plaintiff will likely move for summary adjudication of these issues.

### D. Trial

#### 1. Bifurcation of Liability and Damages

Perhaps this Trial Plan's most consequential procedural proposal is that liability and damages be adjudicated in separate, sequential phases. Such "bifurcation" has become a pervasive feature of U.S. civil litigation. *See, e.g., Bates v. United Parcel Servs.*, 204 F.R.D. 440, 443, 448 (N.D. Cal. 2001) (Henderson, J.)

4.

(granting motion to bifurcate where "[t]he first proposed phase would address 'General liability to the Class and equitable (Injunctive and Declaratory) relief issues,' and the second phase would address 'Named Plaintiff and Class damages'"); *In re Urethane Antitrust Litig.*, 237 F.R.D. 440, 446 (D. Kan. 2006) (endorsing bifurcation); *In re Bendectin Litig.*, 857 F.2d 290, 320 (6th Cir. 1988) (same); *Jenkins v. Raymark Indus. ,Inc.*, 782 F.2d 468, 474-75, (5th Cir. 1986) (bifurcating trial); *Simon v. Philip Morris, Inc.*, 200 F.R.D. 21 (E.D.N.Y. 2001) (discussing severance and consolidation of issues for phased trials in class action); accord Herr, Manual for Complex Litigation § 21.141 (2008).

Accordingly, Plaintiff proposes that the trial be bifurcated into a liability phase (to the extent that liability is not determined by pre-trial motion as described above), and a damages phase.

**(a)   Liability Phase**

The central issues to be determined in the liability phase, to the extent they are not resolved by a motion for summary judgment or adjudication, are:

**Concerning Cell Phone Liability:**

- The extent of damages for cell phone usage without reimbursement;

**Concerning Face Mask Liability:**

- The extent of damages for face mask purchases without reimbursement;

**(b) Damages Phase**

If liability is found on any or all of the certified claims, the Court may employ the one or more of the following: (a) allow a bench trial on common, aggregate damages; and/or (b) appoint a special master to preside over damages determinations. *See, e.g., Hilao v. Estate of Marcos*, 103 F.3d 767, 786-87 (9th Cir. 1996) (affirming district court decision establishing claims process). The central issue of the damages phase will be determining the amount of relief to which the class, as an aggregate, is

reasonably entitled. Plaintiff anticipates that the evidence will provide a basis to distribute damages to each class member, in addition to the aggregate class damages.

It is well-settled that the calculation of monetary relief on a class-wide basis is distinctly manageable by using surveys and/or statistical sampling. See, e.g., *Leyva v. Medline Indus., Inc.*, 716 F.3d 510 (9th Cir. 2013) ("The amount of damages is invariably an individual question and does not defeat class action treatment. In deciding otherwise, the district court abused its discretion by applying the wrong legal standard." (citations omitted).); *Duran v. U.S. Bank Nat'l Assn.*, 59 Cal. 4th 1, 27 (2014) (plaintiff may use surveys and statistical sampling to manage individual damages issues); *Sav-On v. Superior Court*, 34 Cal. 4th 319, 326-27 (2004) (affirming California's public policy favoring the class action device and directing courts to use innovative techniques to manage their cases as class actions); see also *Bell v. Farmers Ins. Exch.*, 115 Cal. App. 4th 715, 755 (2004) (upholding use of statistical methodologies to determine damages in class cases class action treatise:

> Inherent in the basic theory of class actions is the fact that the court and the parties recognize the defendant's full liability exposure from the outset, because of common questions of the defendant's liability to the class. If the liability to the class is proved, then class recovery entitlement is measured by individual or aggregate proofs of loss or of the defendant's unjust enrichment.

3 Newberg on Class Actions, § 10.05; *see also In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019-20 (5th Cir. 1997) ("The essence of the science of inferential statistics that one may confidently draw inferences about the whole from a representative sample of the whole"); *In re Simon II Litig.*, 211 F.R.D. 86, 150 (E.D.N.Y. 2002), vacated and remanded on other grounds, 407 F.3d 125 (2d Cir. 2005) ("The use of statistical evidence and methods in the American judicial system to establish liability and damages is appropriate" in mass injury cases). Plaintiff

anticipates that the evidence will provide a basis to distribute damages and restitution to each class member, in addition to the aggregate class damages and restitution.

Damages for the cell phone claim can also be determined on a class-wide basis. Based upon methodology developed by experts including William Ingersoll Phd. (See Declaration of William Ingersoll) Damages will be determined by methodical calculations.

Damages for the face mask claim can also be determined on a class-wide basis based upon methodology developed by experts including William Ingersoll Phd. (See Declaration of William Ingersoll) Damages will be determined by methodical calculations.

In sum, Plaintiff will provide the trier of fact with a basis to calculate class-wide relief through the presentation of data and/or statistics (using lay and expert witnesses), as well as, inter alia, evidence regarding the economic harm resulting from Defendants' conduct. See 3 Newberg on Class Actions § 10.5, at 483-87. Plaintiff estimates the damages phase will require 2-3 court days.

### E. Defendant Will Have An Opportunity To Present Any Affirmative Defenses

As the Supreme Court made clear in Duran, at trial Defendant must be afforded the opportunity to present affirmative defenses. *Duran*, 59 Cal. 4th at 35 ("While class action defendants may not have an unfettered right to present individualized evidence in support of a defense, our precedents make clear that a class action trial management plan may not foreclose the litigation of relevant affirmative defenses".)

As described above, most of the liability issues will likely be determined by dispositive motions that will determine whether Defendant maintained and implemented legally non-compliant policies with respect to unreimbursed business expenses for cell phones and face masks. Obviously, Defendant would have the

opportunity to oppose these motions or file their own dispositive motions and present any evidence they choose.

**F.    Structuring the Phases**

**(a)**   *Liability Phase*

Plaintiff proposes that the liability phase be structured as follows:

- Opening Arguments
- Plaintiff's case-in-chief
- Taking of evidence regarding Defendant's liability;
  - o Witness Testimony
  - o Expert Witnesses Testimony
- Defendant's case-in-chief;
  - o Witness Testimony
  - o Expert Witnesses Testimony
- Plaintiff's rebuttal
  - o Expert Witnesses Testimony
- Closing Arguments
- Court decides liability on claims.

**(b)    Damages Phase**

Plaintiff proposes that the damages phase be conducted as follows:

- Preliminary Procedural Determination
  - o Determine whether there will be a bench trial on common, aggregate damage or special master appointment.
- Damages Calculations
  - o Plaintiff's Presentation of Evidence as to Damages Calculations

- Expert Witnesses Testimony
    - Defendant's Presentation of Evidence as to Damages Calculations
- Expert Witnesses Testimony

### III. CONCLUSION

By conducting the trial in bifurcated phases as Plaintiff's Trial Plan proposes will afford the Court and the Parties a fair and efficient resolution of this class action.

Dated: April 8, 2022

/s/ Armond M. Jackson
ARMOND M. JACKSON
ANDREA M. FERNANDEZ
JACKSON LAW, APC

Attorneys for Plaintiff
NICO CARLOS

**TABLE OF CONTENTS**

**I.**   INTRODUCTION

II.   THE PARTIES

III.   CLAIMS

**Minimum Wages**

**Overtime Wages**

**Meal Break Claims**

**PLAINTIFF'S PROPOSED TRIAL PLAN**

Case 5:21-cv-00294-AB-DTB   Document 79-5   Filed 04/08/22   Page 11 of 11   Page ID #:2023

**Rest Break Claims**

**Wage Statement Claims**

**Upon Termination Claims**

**Business Expense Claims**

**Suitable Seating Claims**

IV.    PAGA TRIAL-MANAGEABILITY OF PAGA CLAIMS

V.    PLAINTIFF'S EVIDENCE

VI.    CONCLUSION

**PLAINTIFF'S PROPOSED TRIAL PLAN**