1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10   NICO CARLOS, as individuals and on          Case No. 5:21-CV-00294-AB (KKx)
     behalf of others similarly situated,
11
12                              Plaintiff,        **ORDER GRANTING DEFENDANT'S
                                                  MOTION FOR PARTIAL SUMMARY
13   v.                                           JUDGMENT**

14
     WAL-MART ASSOCIATES, INC., a
15   Delaware corporation, and DOES 1-50,
     inclusive,
16
                                Defendants.
17

18        Before the Court is Defendant Wal-Mart Associates, Inc.'s ("Defendant" or

19   "Wal-Mart") Motion for Partial Summary Judgment.  ("Motion," ECF No. 75.)

20   Plaintiff Nico Carlos filed an opposition.  ("Opp'n," ECF No. 77.)  Defendant filed a

21   reply.  ("Reply," ECF No. 78.)  After reading and considering the arguments

22   presented by the parties, the Court finds this matter appropriate for resolution without

23   a hearing.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons stated below,

24   the Court **GRANTS** Defendant's Motion for Partial Summary Judgment.

25   **I.    FACTUAL BACKGROUND**

26        Unless otherwise specified, the following material facts are either expressly

27   undisputed by the parties or have been determined by the Court, upon a full review of

28

1    the record, to be undisputed by competent evidence.

2         Plaintiff worked for Defendant as a sales associate in a store located in Rialto,

3    California from November 2019 to September 2020.  (*See* Undisputed Material Fact

4    "UMF," No. 1.)

5         On April 20, 2020, Defendant instituted a policy requiring all associates to wear

6    "face coverings while working." (UMF No. 2.)  Pursuant to the policy, associates

7    could either provide their own face covering, as long as it met certain guidelines, or

8    Defendant "would provide [associates] with one as [they] pass[ed] their associate

9    health screen and temperature check." (UMF No. 3.)  For example, the policy

10   permitted a variety of associate-provided face coverings, including but not limited to

11   "[b]andanas, scarves and homemade cloth masks." (UMF No. 5.)  However, the

12   policy did not permit the following associate-provided face coverings: "Masks with

13   exhalation valves or vents," "Face shields without a mask (except approved

14   accommodations)," "Half-mask or full-face respirator[s]," and "Masks that contain

15   obscene or offensive content." (UMF No. 6.)

16        Commencing in June 2020, Defendant began providing reusable cloth masks to

17   associates and allowed each associate to request up to two of these masks free of

18   charge.  (*See* UMF No. 4.)

19        However, approximately one week into the COVID-19 pandemic, Plaintiff

20   testified that his store's supply of disposable face masks ran out and Plaintiff was

21   never again provided with a face mask.  (*See* UMF Nos. 7, 16.)  Plaintiff was directed

22   by management to purchase his own face masks because "Wal-Mart wasn't getting

23   any shipments [of masks]." (UMF No. 17.)  As such, Plaintiff purchased cloth face

24   masks to wear while working in the store in order to comply with Defendant's policy.

25   (*See* UMF Nos. 8, 16.[1])  Although Plaintiff was never told by Defendant that he could

26   _____

27   [1] In his Separate Statement of Undisputed Facts, (*see* ECF No. 77-4), Plaintiff restarts the numbering
     for the additional undisputed facts he presents rather than continuing from the numbering in
28   Defendant's Separate Statement of Undisputed Facts (*see* ECF No. 75-1).  For clarity reasons, the

not wear his own disposable surgical masks at work, Plaintiff chose to use different masks for work and personal purposes.  (*See* UMF Nos. 13-14.)  For example, Plaintiff wore surgical masks when he was in public and not working, such as when going to the grocery store, a restaurant, or a movie theater, but his personal preference was to wear cloth masks at work.[2]  (*See* UMF Nos. 9, 12.)

Plaintiff was never reimbursed by Defendant for purchasing the cloth face masks although Plaintiff asked his manager if Defendant would reimburse employees for purchasing their own face masks.[3]  (*See* UMF Nos. 19, 21.)  Indeed, Defendant does not have a policy or practice of "reimbursing any California non-exempt employee for purchasing and using face masks for purpose of working at Walmart." (UMF No. 20.)

During the pandemic, the Centers for Disease Control ("CDC") recommended that all persons wear a face covering in public to slow the spread of COVID-19.  (*See* UMF No. 10.)  Similarly, the San Bernardino Department of Public Health required individuals to wear face coverings "when they leave their homes or places of residence."  (UMF No. 11.)[4]

## II.   PROCEDURAL HISTORY

On September 3, 2021, Plaintiff filed his Fifth Amended Complaint, the

---

Court has renumbered Plaintiff's additional material facts to continue from Defendant's Separate Statement.  For example, Plaintiff's first additional material fact is now renumbered as 15.

[2] Plaintiff's personal preference was based on his simultaneous work as a caregiver for his grandmother.  (*See* Declaration of Jonathan Slowik ("Slowik Decl.") ¶ 2, Ex. A at 43:20-44:2.) Plaintiff did not want to use a cloth mask to take care of his grandmother in case he "contracted something and it went from there."  (*Id.*)

[3] Plaintiff testified that his manager told him she would "get back to [him regarding the reimbursement question], but she never did."  (*See* Declaration of Armond M. Jackson ("Jackson Decl.") ¶ 2, Ex. A at 47:17-22.)

[4] As to UMF Nos. 10 and 11, because Plaintiff does not dispute these facts, the Court will take judicial notice of the CDC guidelines and San Bernardino Department of Public Health orders.  *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record[.]").

1   operative complaint.  (*See* "Fifth Am. Compl.," ECF No. 46.)  The Fifth Amended

2   Complaint asserts the following causes of action:  (1) failure to pay overtime; (2)

3   failure to pay minimum wage; (3) failure to pay timely wages upon termination; (4)

4   failure to reimburse necessary expenses; (5) civil penalties under the Private Attorneys

5   General Act ("PAGA"); (6) violation of 29 U.S.C. § 206; and (7) violation of 29

6   U.S.C. § 207.  (*Id.*)  Relevant here, Plaintiff's fourth cause of action for failure to

7   reimburse necessary business expenses is based on the allegations that Plaintiff and

8   the putative class members were not reimbursed for expenses arising in the course and

9   scope of their services, including for the "use of personal cell phones and face masks

10   to protect from COVID-19."  (*Id.* at ¶¶ 15-16, 21-22, 34-35, 54-63.)

11          On December 28, 2021, the Court granted Defendant's motion to stay the first,

12   second, third, fifth, sixth, and seventh causes of action pending the resolution of the

13   *Haro v. Walmart Inc.* (Case No. 1:21-CV-00239-DAD-SKO) matter.  (*See* ECF No.

14   69.)  Accordingly, Plaintiff's first, second, third, sixth, and seventh causes of action

15   were stayed in their entirety and the fifth cause of action was stayed only to the extent

16   it was based on the alleged failure to pay for time spent undergoing COVID-19

17   screenings.  (*Id.*)

18   **III.   LEGAL STANDARD**

19          A motion for summary judgment must be granted when "the pleadings, the

20   discovery and disclosure materials on file, and any affidavits show that there is no

21   genuine issue as to any material fact and that the movant is entitled to judgment as a

22   matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

23   247-48 (1986).  Material facts are those that affect the outcome of the case.  *Id.* at 248;

24   *see also Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001).  A

25   dispute about a material fact is "genuine" if "the evidence is such that a reasonable

26   jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

27          The moving party bears the initial burden of identifying the elements of the

28   claim or defense and evidence that it believes demonstrates the absence of an issue of

1   material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Where the

2   moving party will have the burden of proof on an issue at trial, the movant must

3   affirmatively demonstrate that no reasonable trier of fact could find other than for the

4   moving party."  *Soremekum v. Thrifty Payless, Inc.*, 509 F3d 978, 984 (9th Cir. 2007.)

5   Where the nonmoving party will have the burden of proof at trial, the movant can

6   prevail merely by pointing out that there is an absence of evidence to support the

7   nonmoving party's case.  *Celotex Corp.*, 477 U.S. at 323.  If the moving party meets

8   this initial burden, the nonmoving party then "must set forth specific facts showing

9   that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248.

10      The Court must draw all reasonable inferences in the nonmoving party's favor.

11   *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson,*

12   477 U.S. at 255).  Nevertheless, inferences are not drawn out of thin air, and it is the

13   nonmoving party's obligation to produce a factual predicate from which the inference

14   may be drawn.  *Richards v. Nielsen Freight Lines,* 602 F. Supp. 1224, 1244-45 (E.D.

15   Cal. 1985), *aff'd,* 810 F.2d 898 (9th Cir. 1987).  "[M]ere disagreement or the bald

16   assertion that a genuine issue of material fact exists" does not preclude summary

17   judgment.  *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).  "In judging

18   evidence at the summary judgment stage, the court does not make credibility

19   determinations or weigh conflicting evidence."  *Soremekun*, 509 F.3d at 984.

20   **IV.   EVIDENTIARY OBJECTIONTS**

21      Defendant objects to all of Plaintiff's undisputed facts because the facts are

22   either disputed, mischaracterizations of the record, and/or immaterial to the Motion.

23   (*See* ECF No. 78-2.)  However, because the proffered facts affect the outcome of the

24   case and are supported by the cited evidence, all of Defendant's objections are

25   **OVERRULED**.  *See Travis v. Nationstar Mortgage LLC*, No. 2:15-cv-06516-AB

26   (KS), 2019 WL 7188573, *1 (C.D. Cal. Nov. 27, 2019); *see also* L-R 56-3.

27      Plaintiff also objects to two of the fourteen facts presented by Defendant on the

28   basis that these facts are irrelevant and violate Federal Rule of Evidence ("FRE")

1002.[5]  (*See* ECF No. 77-3.)  Similarly, Plaintiff objects to the Declaration of Ott Bell filed in support of Defendant's Motion because it violates FRE 1002.  (*See* ECF No. 78-3.)  However, as the Ninth Circuit has held, "to survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."  *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir.2003) (citing *Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir.2001)).  In other words, when evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence.  *Id.* at 1037 (considering evidence from a diary, notwithstanding the defendant's hearsay objections, in the context of a motion for summary judgment because the contents of the diary were "mere recitations of events within the [plaintiff's] personal knowledge and, depending on the circumstances, could be admitted into evidence at trial in a variety of ways").  Accordingly, Plaintiff's objections to Defendant's facts and Mr. Bell's Declaration are **OVERRULED**.

## V.    DISCUSSION

Defendant moves for partial summary judgment as to Plaintiff's fourth cause of action for failure to reimburse business expenses (*i.e.*, face masks) under California Labor Code § 2802.[6]  Similarly, Defendant moves for partial summary judgment as to Plaintiff's fifth cause of action for PAGA penalties to the extent this cause of action is derivative of the claim that Defendant failed to reimburse for face masks.

---

[5] "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."  Fed. R. Evid. 1002.

[6] Defendant's do not seek summary judgment for the alleged failure to reimburse Plaintiff's personal cell phone usage, such as "downloading an application to . . . help service customers and check TC scanner for prices and other benefits for the customer shopping in the store," as alleged in the fourth cause of action.  (*See* Fifth Am. Compl. ¶ 15.)

As an initial matter, Defendant asserts that Plaintiff's testimony that his store running out of masks early in the pandemic and that he was not provided with any masks thereafter is not credible in light of Mr. Bell's declaration regarding the shipments of face masks sent to Plaintiff's store.  (*See* Motion 3:3-10.)  However, "at the summary judgment stage, the court does not make credibility determinations [nor] weigh conflicting evidence."  *Soremekun*, 509 F.3d at 984.  As such, the Court must consider Plaintiff's testimony drawing all reasonable inferences in Plaintiff's favor. Nonetheless, even when drawing all reasonable inferences in Plaintiff's favor, the Court finds that as a matter of law no genuine issues of material fact exists as to whether Defendant was required to reimburse Plaintiff for the mask-related expenses.

Labor Code § 2802 requires employers to reimburse employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."  Cal. Lab. Code § 2802(a).  The elements for a section 2802(a) cause of action, "as delineated by the statutory language, are: (1) the employee made expenditures or incurred losses; (2) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (3) the expenditures or losses were necessary."  *Gallano v. Burlington Coat Factory of Cal., LLC*, 67 Cal. App. 5th 953, 960-61 (2021) (internal citations omitted).

Here, Defendant argues that Plaintiff's claim for failure to reimburse mask-related expenses fails as a matter of law because face masks are basic, non-uniform wardrobe items (*i.e.*, "usual and generally useable").  Specifically, Defendant asserts that because the applicable policy permitted Plaintiff to wear as face coverings "general purpose clothing item[s]," such as bandanas and scarfs, that can be worn outside of work and "in everyday life," reimbursement is not necessary.  (Motion at 5:17-23.)  Defendant primarily relies on *Lemus* and *Townley* to support this argument.

In *Lemus*, an unpublished decision, the Ninth Circuit affirmed the district court's decision to grant summary judgment, finding that defendant was "not required

7.

to [reimburse] the cost of slip-resistant footwear" purchased by employees.  *Lemus v. Denny's Inc.*, 617 F. App'x 701, 703 (9th Cir. 2015).  In so holding, the Ninth Circuit explained that California's Division of Labor Standards Enforcement has clarified that its "policy is sufficiently flexible to allow the employer to specify basic wardrobe items which are *usual and generally usable in the occupation,* such as white shirts, dark pants and black shoes and belts, all of unspecified design, without requiring the employer to furnish such items. If a required black or white uniform or *accessory* does not meet the test of being generally usable in the occupation the [employee] may not be required to pay for it."  *Id.* (internal citation omitted) (emphasis in original). Accordingly, because the plaintiff in *Lemus* had not argued that the shoes were purchased as part of a uniform and were not generally usable in the restaurant occupation, the Ninth Circuit concluded reimbursement was not required under section 2802.  *Id.*

In *Townley*, plaintiff sought reimbursement under section 2802(a) for her purchase of slip-resistant shoes pursuant to defendant's policy.  *See Townley v. BJ's Restaurants, Inc.*, 37 Cal. App. 5th 179, 180 (2019).  Defendant's policy "required all hourly restaurant employees to wear black, slip-resistant, closed toe shoes" in order to avoid slip and fall accidents.  *Id.* at 181.  Pursuant to the policy, employees were "not required to purchase a specific brand, style, or design of shoes" nor were employees prohibited "from wearing their shoes outside of work."  *Id.* at 181.  The trial court granted summary judgment, "finding that [plaintiff] could not establish that [defendant] violated California law by failing to reimburse its employees for the cost of slip-resistant shoes."  *Id.* at 183.  Relying on *Lemus*, the California Court of Appeals affirmed the trial court's order, concluding that defendant was "not required, as a matter of law, to reimburse its employees for the cost of the slip-resistant shoes . . . [because] [t]he cost of the shoes [did] not qualify as a 'necessary expenditure'[.]"  *Id.* at 185.  Specifically, "like in *Lemus*, [the plaintiff] ha[d] not argued that the slip-resistant shoes she was required to purchase were part of a uniform or were not usual

8.

1    and generally usable in the restaurant occupation." *Id.*  Accordingly, the California

2    Court of Appeals confirmed that the employer was not required to reimburse the

3    plaintiff for her shoe-related expenses under section 2802.

4         In response, Plaintiff summarily argues that *Lemus* and *Townley* are

5    inapplicable here and urges the Court to "reject" the "'usual and general usable'

6    outside of work standard."  (Opp'n at 4:23-5:12.)  The Court is unpersuaded by

7    Plaintiff's argument.  As an initial matter, Plaintiff fails to provide controlling legal

8    authority in support of his view that face masks should not be considered basic

9    wardrobe items.[7]  *See Franklin v. Community Reg'l Med. Ctr.*, 998 F.3d 867, 874 (9th

10   Cir. 2021) (holding that "in applying state law . . . [court's follow] the decisions of

11   intermediate state courts in the absence of convincing evidence that the highest court

12   of the state would decide differently.") (internal citation omitted).  Similarly,

13   Plaintiff's briefing is devoid of any factual explanation for why face masks are more

14   akin to laptops or eyewear used by construction workers than basic wardrobe items,

15   especially in the context of the ongoing pandemic and the CDC's recommendation as

16   well as the local public health department's requirement to wear face coverings in

17   public spaces.  (*See* Opp'n at 5:5-12.)

18        Furthermore, even when viewing the evidence in the light most favorable to

19   Plaintiff, there is no dispute that Defendant's policy essentially allowed Plaintiff to

20   use any type of face covering at work.  (*See* UMF Nos. 3, 5, 6.)  Indeed, Plaintiff does

21   not dispute that he was not required to use a specialized face mask in order to adhere

22   with Defendant's policy.  (*See generally* Opp'n.)  For example, pursuant to

23   Defendant's policy, Plaintiff could have used a bandana or scarf as face covering

24   while working.  (*See* UMF Nos. 3, 5, 6.)  As such, because the applicable policy

25   permits employees to use any face covering that properly covers their nose and mouth

26

27   [7] Plaintiff solely relies on *dicta* contained in a single district court opinion.  *See Sprewell v. Federal Express Corporation*, Case No. 2:20-cv-11612-SVW-AGR, 2021 WL 6103057 (C.D. Cal.

28   September 30, 2021).

9.

and does not require the use of a specialized mask, Defendant is entitled to partial summary judgment on the fourth cause of action for failure to reimburse masks-related expenses as a matter of law.  Similarly, because a portion of the PAGA claim is dependent upon the failure to reimburse masks-related expenses claim, this portion of the PAGA claim also fails as a matter of law.  *See Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) (holding summary judgment was appropriate as to the derivative PAGA claim when "the underlying causes of action fail[ed.]").

## VI.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment.  Accordingly, the following claims in the Fifth Amended Complaint are **DISMISSED**:

- The fourth cause of action to the extent it relates to the failure to reimburse for mask-related expenses; and
- The fifth cause of action to the extent it relates to the failure to reimburse for mask-related expenses.

**IT IS SO ORDERED.**

Dated: May 03, 2022

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

10.